**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JUSTIN SATTLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:26-cv-01393-NCC |
| | ) | |
| TREY FOLEY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER OF TRANSFER**

This matter is before the Court for review of self-represented Plaintiff Justin Sattley's civil complaint and motion to proceed *in forma pauperis*. For the reasons explained below, the Court will provisionally grant Plaintiff's motion and transfer this case to the United States District Court for the Western District of Missouri.

Plaintiff filed the complaint pursuant to 42 U.S.C. § 1983 against Centurion Health Care and four Missouri Department of Corrections employees. Plaintiff states that the employees work at the Jefferson City Correctional Center. In setting forth the facts supporting his claims for relief, Plaintiff describes events that occurred at the Ozark Correctional Center, the Jefferson City Correctional Center, and Algoa Correctional Center, all of which are located in the United States District Court for the Western District of Missouri. *See* 28 U.S.C. § 105(b). At one point, Plaintiff states he was transferred to the Farmington Correctional Center ("FCC"), which is located within this judicial district. *See* 28 U.S.C. § 105(a). However, Plaintiff states only that he received medical treatment at the FCC and was given antibiotics that did not help. He does not allege that any wrongdoing occurred at the FCC or that any Defendant is located at the FCC.

Under 28 U.S.C. § 1391(b), this type of action may be brought in: "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."

Because the Defendants are located in the Western District of Missouri, and because the events or omissions giving rise to Plaintiff's claims occurred in the Western District of Missouri, venue is proper there. Under 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Here, the Court concludes that it is in the interest of justice to transfer this case to the United States District Court for the Western District of Missouri.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's [2] motion to proceed *in forma pauperis* is **PROVISIONALLY GRANTED**, subject to modification by the United States District Court for the Western District of Missouri.

**IT IS FURTHER ORDERED** that the Clerk of Court shall **TRANSFER** this case to the United States District Court for the Western District of Missouri.

Dated this 1st day of September, 2026.

John A. Ross

JOHN A. ROSS
SENIOR UNITED STATES DISTRICT JUDGE